**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Reichert, | No. CV-22-02163-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Raul Mendez, et al., | |
| Defendants. | |

This Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

On December 21, 2022, one of the named defendants in this action, Defendant Watco Supply Chain Services, L.L.C. ("Watco"), filed a notice of removal alleging this Court possesses federal question jurisdiction "because Plaintiff's claims against Watco are premised on the laws of the United States." (Doc. 1 at 2.) The notice of removal indicates that all defendants consent to removal. (*Id.*)

When looking at the initial Complaint, however, all the claims that Defendant alleges: (1) Negligence, (2) Respondeat Superior, (3) Negligent Hiring, Training, Supervision, and Retention, and (4) Punitive Damages—are all state law claims. (Doc. 1-3.) Within the Negligence and the Respondeat Superior claims, Plaintiff cites to two

federal regulations. (*Id.*) One federal regulation is cited to support Plaintiff's contention that an individual defendant (not Watco) breached his duty, and another is cited to support the allegation that another defendant (again, not Watco) is liable for that individual defendant's conduct. (*Id.* at 5.)

The Court questions whether removal is appropriate here because "[t]o state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. . . [r]ather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial." *Woods v. City of Scottsdale*, No. CV-11-2488-PHX-JAT, 2013 WL 614421, at *4 (D. Ariz. Feb. 19, 2013) (internal quotation and citations omitted). Further, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**Accordingly,**

**IT IS ORDERED** that Defendants shall show cause, within two weeks from the date of this Order, why this Court has federal question jurisdiction and that this action should not be remanded back to state court, given that Plaintiff's claims stem from state law. Defendants are advised that failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff chooses, he may file a brief indicating his position no later than two weeks from the date that Defendants' response is filed with the Court.

Dated this 29th day of December, 2022.

Michael T. Liburdi
United States District Judge