**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Reichert, | No. CV-22-02163-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Raul Mendez, et al., | |
| Defendants. | |

    Plaintiff Douglas Reichert sues various defendants for state law negligence relating to a freeway accident that happened on Interstate 10. (Doc. 1-3 at 28.) Reichert filed his complaint and, later, an amended complaint in Arizona Superior Court. One of the Defendants, Watco Supply Chain Services ("Watco"), removed the action to this Court. In its petition for removal, Watco asserted that federal question jurisdiction exists because one of Reichert's state law negligence claims seeks to impose vicarious liability on Watco under certain federal Department of Transportation regulations. (Doc. 1 ¶ 11.) The Court, having an independent duty to assess subject matter jurisdiction, ordered that Watco show cause in writing why this case should not be remanded. (Doc. 9.) Watco filed a brief urging that the Court exercise jurisdiction (Doc. 14), and Reichert filed a brief in opposition (Doc. 15.) For the following reasons, the Court will remand this case to Arizona Superior Court.

**I.**

    The jurisdiction of federal courts is limited to questions arising under the Constitution and laws of the United States and matters where complete diversity of

citizenship exists between the parties. Diversity jurisdiction is not available here because Reichert and Defendant Mendez are both Arizona residents. Watco must therefore show that the amended complaint asserts a claim arising under federal law. "In determining whether it has federal-question jurisdiction over this case, the Court looks only to 'the face of the plaintiff's complaint.'" *Moody v. Great W. Cas. Co.*, No. 4:16-cv-276, 2017 WL 77417, at *1 (S.D. Ga. Jan. 9, 2017) (quoting *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 n.4 (11th Cir. 1994)). Furthermore, the Court "strictly construes the removal statute against removal jurisdiction" and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (alterations and citations omitted).

## II.

Watco contends that the Court has federal question jurisdiction over this case because Count Four of the Amended Complaint alleges that Watco is vicariously liable for Mendez's negligence as his statutory employer under the Federal Motor Carrier Safety Regulations ("FMCSR") (Doc. 1-3 ¶ 41.). *See* 49 C.F.R. §§ 376.11, 376.12, and 376.22. To start, a "case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quotations omitted). Here, Watco does not dispute that the Amended Complaint fails to plead a federal cause of action. Watco does argue, however, that this case depends on the resolution of a substantial question of federal law. To determine whether a state law claim has raised a substantial question of federal law, the Supreme Court has held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 259 (2013).

The Court finds that the issue of whether Watco was Mendez's statutory employer

under the FMCSR fails each of the above elements. First, the issue of whether Watco was Mendez's statutory employer was not necessarily raised. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Here, Reichert has alleged in Count Four that Watco is vicariously liable under a statutory employer theory of liability under the FMCSR. (Doc. 1-3 at 31.) Count Five of the Amended Complaint also alleges that Watco is vicariously liable, but under a joint enterprise theory of liability. (*Id.* at 34.) Count Four and Five therefore allege alternative theories for how Watco may be vicariously liable for Mendez's negligence, and as a result, the federal issue raised in Count Four is not a necessary element of Reichert's claim.

Second, the issue of whether Watco is Mendez's statutory employer under the FMCSR is not actually disputed. "A federal issue is actually disputed if it is the primary focus of the complaint not merely . . . a peripheral issue." *Peters v. Alaska Tr., LLC*, 305 F. Supp. 3d 1019, 1026 (D. Alaska 2018) (alterations and quotations omitted). Here, the primary focus of the Amended Complaint is the state law negligence claims, whereas the issue of whether Watco is Mendez's statutory employer is a peripheral issue that relates only to whether Watco is vicariously liable for Mendez's negligence.

Third, whether Watco is Mendez's statutory employer pursuant to the FMCSR is not a substantial federal question. To begin, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). For this reason, to determine whether a substantial federal issue has been raised, the Court is instructed to look at the "importance of [the] federal issue 'to the federal system as a whole.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (quoting *Gunn*, 568 U.S. at 260)). Typically, courts have found an issue to substantially impact the federal system when the issue relates

to the interpretation or validity of a federal statute; the issue challenges the functioning of a federal agency or program; the issue is a pure question of federal law; or the issue is dispositive of the case and would be controlling on other cases. *See BP*, 969 F.3d at 905 (collecting cases). Here, the issue of whether Watco qualifies as Mendez's statutory employer falls into none of these categories. Instead, a determination of whether Watco is Mendez's statutory employer is a fact-bound question that will only impact the outcome of this case. As such, this "fact-bound and situation-specific [issue is] not sufficient to establish federal arising under jurisdiction." *Gunn*, 568 U.S. at 263 (quotation omitted). The Court finds support for this conclusion in *Moody v. Great W. Cas. Co.*, No. 4:16-cv-276, 2017 WL 77417 (S.D. Ga. Jan. 9, 2017). In *Moody*, the Southern District of Georgia held that the plaintiff's claim that the defendant should be held vicariously liable under the FMCSR did not raise a substantial federal issue. The court noted that "there is a large difference between a federally based theory and a federal claim. Even when it is an element, 'the mere presence of a federal issue in a state cause of action' does not make it into a federal one." *Id.* at *2 (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813–14 (1986). Here, Reichert has pleaded a federally based theory; specifically, that Watco is vicariously liable for Mendez's negligence pursuant to a statutory employer relationship under the FMCSR. That said, nothing within Reichert's Amended Complaint supports the notion that a federal claim has been asserted. Nor has Watco shown that this case falls into the "special and small category of cases" where a state law claim raises a substantial issue of federal law. *Gunn*, 568 U.S. at 258 (quotation omitted).

Finally, the resolution of whether Watco is Mendez's statutory employer would not be capable of resolution without disrupting the federal-state balance approved by Congress. "Historically, common law liability has formed the bedrock of state regulation, and common law tort claims have been described as 'a critical component of the States' traditional ability to protect the health and safety of their citizens.'" *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 86 (2d Cir. 2006) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 544 (1992)). Furthermore, nothing within the FMCSR indicates an intent by

Congress to create a private federal cause of action for personal-injury claims. *See Moody*, 2017 WL 77417, at *4. And absent such intent, the Court declines to fashion a private cause of action in this case.

In sum, the Court finds that Reichert has not pleaded a federal cause of action, nor has Reichert pleaded a cause of action that necessarily depends on the resolution of a substantial question of federal law. *See Proctor*, 584 F.3d at 1219. For these reasons, the Court lacks federal question jurisdiction over this case and finds that remand to the Arizona Superior Court is necessary. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.

Accordingly,

**IT IS ORDERED** that the Clerk is directed to remand this matter to the Arizona Superior Court in Maricopa County and close this case.

Dated this 8th day of February, 2023.

Michael T. Liburdi
United States District Judge